UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE

| | |
|---|---|
| **WESTERN WORLD INSURANCE GROUP, INC.,** <br><br> Plaintiff, <br><br> V. <br><br> **SLONE'S HEATING AND COOLING, LLC,** <br> **SHANNON BULLOCK,** <br> **STEPHEN SLONE, and** <br> **SHANNON BULLOCK** <br><br> Defendants. | **CIVIL ACTION NO. 7:17-153-KKC** <br><br><br> **OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant, Shannon Bullock's motion to dismiss, or in the alternative, to abstain (DE 5). For the reasons outlined below, Bullock's motion to dismiss without prejudice is hereby **Granted**. As a result of this decision, Plaintiff, Western World Insurance Group, Inc.'s motion for default judgment is **Denied** as moot.

## Background

On October 5, 2015, decedent Eli Bullock was fatally injured when his mother's vehicle rolled down the driveway of Stephen Slone and over an embankment (DE 1, 6). The location of the accident, 623 Winwright Road in Pikeville, Kentucky, was Stephen Slone's personal residence and the principal place of business for Slone's Heating and Cooling, LLC ("Slone's Heating and Cooling"), a company solely owned and operated by Slone (DE 1, 6).

On July 13, 2016, Shannon Bullock, Eli Bullock's father, filed a state action in Pike Circuit Court against Stephen Slone. *Shannon Bullock, Individually and in His Capacity as*

1

*Administrator of the Estate of Eli Bullock v. Stephen Slone*, Civil Action No 16-Cl-00654. The complaint alleges that Stephen Slone breached a duty owed to Eli Bullock as a licensee or social guest on his property (DE 1, 6). Pursuant to a home owner's insurance policy, State Farm Fire and Casualty company has been defending the claims asserted against Stephen Slone in his individual capacity (DE 1, 6).

In response, Stephen Slone filed a third-party complaint against his daughter, Amanda Bullock, seeking indemnity or contribution for any damages arising from the death of Eli Bullock (DE 1, 7). The third-party complaint specifically alleges that Amanda Bullock acted negligently in leaving the vehicle unattended with the keys in the ignition. On January 17, 2017, Shannon Bullock commenced a second action in Pike Circuit Court (DE 1, 8). This second action named Stephen Slone's business, Slone's Heating and Cooling, as the Defendant. *Shannon Bullock, Individually and in His Capacity as Administrator of the Estate of Eli Bullock v. Slone's Heating and Cooling, LLC*, Civil Action No. 17-Cl-0054. The January action against the LLC and the action filed against Stephen Slone in his individual capacity were consolidated on May 3, 2017 (DE 1, 9). This case is currently pending before Division I of the Pike Circuit Court.

Slone's Heating and Cooling was insured under a commercial general liability insurance policy provided by Western World Insurance Group, Inc. ("Western World"). The precise contours of this insurance arrangement remain disputed. And though Western World provided Slone's Heating and Cooling with an initial legal defense, the insurance company now argues that it has no obligation to do so (DE 1, 2).

On October 3, 2017, Western World filed a complaint in this Court seeking a declaration that the policy it issued to Slone's Heating and Cooling does not provide coverage for the claims against the business relating to the death of Eli Bullock. (DE 1). In particular, Plaintiff Western World avers that the insurance contract limits coverage in a way that would

exclude liability merely arising from ownership and maintenance of Slone's property, as opposed to activity related to the company's HVAC and electrical operations. While Western World was not an original party to the Pikeville action, on December 22, 2017, the Pike Circuit Court permitted Shannon Bullock to amend his complaint to include the insurance company.

On November 27, 2017, Shannon Bullock—a Defendant in this federal action—filed a motion to dismiss, or in the alternative, to abstain (DE 5). Plaintiff Western World has since responded (DE 7) and Bullock has submitted a reply (DE 9) to this response. In his motion to dismiss or in the alternative, to abstain, Defendant Shannon Bullock argues that the Pike Circuit Court is better situated to resolve the insurance coverage issue. This Court agrees.

## **ANALYSIS**

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a); *Nationwide Mut. Ins. Co. v. Veterans of Foreign Wars of the United States*, No. CV 16-146-DLB, 2017 WL 1147454, at *3 (E.D. Ky. Mar. 27, 2017). This language makes clear that while federal district courts retain the ability to exercise this power, they are under no obligation to do. *Id.*

The Sixth Circuit has enumerated five factors for courts to consider when determining whether to exercise jurisdiction under the Declaratory Judgment Act. These "*Grand Trunk*" factors include:

(1) whether the declaratory action would settle the controversy;

(2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;

(3) whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race for res judicata;

(4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach on state jurisdiction; and

(5) whether there is an alternative remedy which is better or more effective.

*Grand Trunk W. R.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984).

Three principles guide the five-factor test: efficiency, fairness, and federalism. *Western World Ins. Co. v. Hoey*, et al., 773 F.3d 755, 759 (6th Cir. 2014). The "relative weight" of the factors depends on the circumstances surrounding each case. *Id.* As a result, "the essential question is always whether a district court has taken a good look at the issue and engaged in a reasonable analysis of whether issuing a decision would be useful and fair." *Nationwide*, 2017 WL 1147454, at *3 (citing *Western World*, 773 F.3d at 759)). On balance, this Court finds that the *Grand Trunk* factors weigh against exercising jurisdiction, thus supporting a dismissal without prejudice.

**A. Will the Declaratory Action Settle the Controversy?**

This Court must first consider whether Western World's complaint will settle the controversy in the state court action. *Grand Trunk,* 746 F.2d at 326. In doing so, the Court recognizes a split in authority within the Sixth Circuit. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 550 (6th Cir.2008). One line of cases holds that an action for declaratory relief can settle the insurance issue, even if it will have no bearing on the underlying state court claims. *Northland Ins. Co. v. Stewart Title Guar. Co., 327 F.3d 448, 454 (6th Cir. 2003); Allstate Ins. Co. v. Green*, 825 F.2d 1061, 1066 (6th Cir. 1987). Conversely, other courts have concluded that "while such declaratory actions might clarify the legal relationship between the insurer and the insured, they do not settle the ultimate controversy between the parties

4

which is ongoing in state court." *Travelers Indem. Co. v. Bowling Green Prof'l Assoc., PLC*, 495 F.3d 266, 272 (6th Cir. 2007).

As noted in *Nationwide*, the split in authority seems to hinge on whether the party who brought the declaratory action is named in the underlying state court action. *Nationwide*, 2017 WL 1147454, at *3. Put differently, once the insurance company is named a party in the underlying state court action, the scope of the insurance coverage and the obligation to defend must be decided by the court—it is no longer a peripheral issue. *See id.*

Here, the party bringing the declaratory judgment action, Western World, has been named in the underlying matter in Pike Circuit Court. *See Nationwide*, 2017 WL 1147454, at *3. The Court must therefore determine whether questions regarding the parameters of the insurance policy are likely to be addressed by the Pike Circuit Court. *Id.* Western World contends that the policy clearly excludes the accident in question, thus allowing the insurance coverage dispute to be settled as a matter of law. (DE 7). Shannon Bullock's arguments however, illuminate potential fact issues. Most notably, Shannon Bullock argues that the contractual language demands coverage for the accident in question and that the applicable exclusions in the contract are ambiguous in nature (DE 5, 6). In light of these competing views of the contract language, the Court would have to wade into the waters of contract interpretation in order to deliver the relief requested by Western World. This review would undoubtedly raise fact-based questions of state law. And, it is likely that these same contract interpretation questions would be addressed in the Pike Circuit Court. *See Nationwide*, 2017 WL 1147454, at *3. Therefore, the Court finds that the first factor weighs against exercising jurisdiction.

5

B. **Will the Declaratory Action Clarify the Legal Relations at Issue?**

In *Scottsdale*, the Sixth Circuit acknowledged two conflicting lines of precedent concerning whether a district court's decision must clarify the relationship raised in the declaratory judgment action, or whether it also needs to "clarify the legal relations in the underlying state action." *Scottsdale*, 513 F.3d at 558. Though the Sixth Circuit acknowledged this divergence, it did not resolve the issue. *Westfield*, 2011 WL 1518216, at *2.

Western World correctly states that resolving the declaratory judgment action would clarify the legal relations between it and Slone's Heating and Cooling. It is also true that the Sixth Circuit has found that this clarification can weigh in favor of exercising declaratory judgment jurisdiction. *See Scottsdale Ins. Co.*, 513 F.3d at 557. However, as stated in *Westfield*, this clarification must serve a "useful purpose." *Westfield,* 2011 WL 1518216, at *2 (citing *AmSouth Bank v. Dale*, 386 F.3d 763, 786 (6th Cir.2004)). The Court finds that its clarification of the legal relations between Western World Insurance and Slone's Heating and Cooling would not serve a "useful purpose" because "[t]he state court can also clarify these very same issues and wind up the case—perhaps better, with its state-law expertise and familiarity with the matter." *Motorists Mut. Ins. Co. v. Hays*, 2011 WL 720812, at *3 (E.D. Ky. 2011). As the Sixth Circuit has recognized, the usefulness of a declaratory judgment action is "severely undercut by the presence of ... [state] litigation." *Westfield*, 2011 WL 1518216, at *2. In sum, this Court finds that the second factor also weighs against exercising jurisdiction.

C. **Is the Declaratory Remedy Being Used for the Purpose of Procedural Fencing or to Provide an Arena for Res Judicata?**

The third factor aims to "preclude jurisdiction for declaratory plaintiffs who file their suits mere days or weeks before the coercive suits filed by a natural plaintiff and who seem to have done so for the purpose of acquiring a favorable forum." *Scottsdale*, 513 F.3d at 558.

It would not be equitable though to penalize a plaintiff who has not "done any more than choose the jurisdiction of federal rather than state court, a choice given by Congress." *Id*. Accordingly, in a situation where a declaratory plaintiff files an action after the state court litigation has commenced, courts apply a presumption that the declaratory plaintiff does not have an "improper motive." *Id*. Here, the Declaratory Plaintiff, Western World, filed its federal complaint over eight months after the commencement of the underlying state claim. And despite the contentions of Shannon Bullock, there is not enough evidence to overcome the presumption against an improper motive. Thus, the third factor weighs in favor of exercising jurisdiction.

    D. **Would a Declaratory Action Increase Friction Between our Federal and State Courts?**

The fourth factor to consider is "whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction." *Grand Trunk*, 746 F.2d at 326. In determining whether such friction would exist, the Court must consider three subfactors: (1) whether the state court's resolution of the factual issues in the case is necessary for the district court's resolution of the declaratory judgment action; (2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and (3) whether the issue in the federal action implicates important state policies and is, thus, more appropriately considered in state court. *Scottsdale Ins. Co*, 513 F.3d at 560–61.

The first subfactor weighs against exercising jurisdiction. In order to determine the scope of the insurance coverage in question, the Court would have to determine certain factual issues. Mainly, the Court would have to choose between two competing interpretations of an insurance contract. The second sub-factor also weighs against exercising jurisdiction. Since Western World has been named in the underlying state action, it gives the

7

Pike Circuit Court the ability to resolve the issues. In addition, the Pike Circuit Court is in a better position to handle the issue because Kentucky state courts are "more familiar with and, therefore, better able to resolve" disputes relating to insurance, a state regulated industry. *Bituminous Cas. Corp. v. J & L Lumber Co.*, 373 F.3d 807, 815 (6th Cir.2004).

As to the third subfactor, insurance coverage disputes often implicate "important state policies." *Westfield*, 2011 WL 1518216, at *5. The Sixth Circuit has repeatedly recognized that "[t]he states regulate insurance companies for the protection of their residents, and state courts are best situated to identify and enforce the public policies that form the foundation of such regulation." *Bituminous*, 373 F.3d at 815. Since this is a dispute regarding an insurance contract, which the state of Kentucky regulates for the protection of its citizens, interpreting that contract may implicate state insurance-law policies. For this reason, the third sub-factor also weighs against exercising jurisdiction. *Westfield*, 2011 WL 1518216, at *5.

In total, all three subfactors—and therefore the fourth *Grand Trunk* factor—cut against this court exercising jurisdiction.

### E. Is There an Alternative Remedy that is More Effective?

If "an alternative remedy is better or more effective," a district court should "deny declaratory relief." *Grand Trunk*, 746 F.2d at 326. One clear alternative for Western World is to seek a declaratory judgment in Pike Circuit Court in accordance with Ky. Rev. Stat. Ann. § 418.040. Western World does have an interest in selecting the forum for its declaratory action, but this isolated interest does not render the Court a "better" forum. *See Nationwide*, 2017 WL 1147454, at *7. Consequently, this factor is at best neutral.

8

## CONCLUSION

A balancing of the *Great Trunk* factors weighs against the exercise of jurisdiction in this matter. Accordingly, the Court **HEREBY ORDERS** as follows:

(1) Defendant, Shannon Bullock's motion to dismiss without prejudice (DE 5) is **GRANTED**;

(2) Plaintiff, Western World Insurance Group, Inc's motion for default judgment (DE 12) is **DENIED** as moot.

Dated September 10, 2018.

*Karen K. Caldwell*
KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY